UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00076-GNS

JR. FOOD STORES, INC.                                                                                    PLAINTIFF

v.

HARTLAND CONSTRUCTION GROUP, LLC; and
PEOPLES BANK                                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (DN 7). This motion is ripe for adjudication. For the reasons that follow, the motion is **DENIED**.

### I.  BACKGROUND

Plaintiff Jr. Food Stores, Inc. ("JFS") filed its initial complaint against Defendant Hartland Construction Group, LLC ("Hartland") and Defendant Peoples Bank (collectively, the "Defendants") in the Circuit Court of Warren County, Kentucky, on May 16, 2019.[1] (Compl. Ex. A, DN 1-1). Copies of the civil summons and complaint were served on Hartland on May 24, 2019, and on Peoples on May 28, 2019.[2] (Defs.' Resp. Pl.'s Mot. Remand 1; Pl.'s Reply Mot. Remand 3). On June 7, 2019, Hartland filed an answer to the Complaint in Warren Circuit Court. (Defs.' Resp. Pl.'s Mot. Remand 1).

---

[1] The state court case is styled as *Jr. Food Stores, Inc. v. Hartland Construction Group, LLC, et al.*, Warren Circuit Court, No. 19-CI-00681, filed May 16, 2019.

[2] The parties initially cited to several different dates when service was allegedly completed. In the most recent filings, however, the parties have seemingly agreed on the aforementioned dates of service. (Defs.' Resp. Pl.'s Mot. Remand 1, DN 8; Pl.'s Reply Mot. Remand 3, DN 10).

1

On June 19, 2019, Peoples removed the matter to this Court pursuant to 28 U.S.C. § 1446 asserting diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (Notice Removal 2-3, DN 1). On June 24, 2019, Peoples filed its answer to the Complaint. (Answer, DN 6). On July 2, 2019, JFS moved to remand this case to state court because both Defendants had not consented to removal. (Pl.'s Mot. Remand 2, DN 7). In their joint response filed July 23, 2019, both Defendants opposed remand and Hartland consented to removal for the first time. (Defs.' Resp. Pl.'s Mot. Remand 2). JFS replied. (Pl.'s Reply Mot. Remand).

## II. DISCUSSION

JPS primarily argues that Hartland's consent to removal was not timely filed within 30 days of the Defendants' receipt of service, such that there was no unanimous consent to removal. (Pl.'s Mot. Remand 2). Defendants counter that, even though Hartland did not consent to removal within 30 days of service, Hartland has *now* consented to removal to satisfy 28 U.S.C. § 1446. (Defs.' Resp. Pl.'s Mot. Remand 2). The question under consideration then is: when a case is properly removed to federal court but not all defendants consent within the 30-day statutory window, can the non-consenting defendant cure this defect by consenting after the fact?[3]

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446, "notice of removal of a civil action or proceeding shall be filed within 30 days after the

---

[3] Defendants argue that, even though Hartland missed the removal deadline, Peoples as the later-served defendant still has the right to remove. (Defs.' Resp. Pl.'s Mot. Remand 4). This proposition is undoubtedly correct. *See Robertson v. U.S. Bank*, 831 F.3d 757, 761 (6th Cir. 2016) ("[A]n earlier-served defendant's conduct does not extinguish a later-served defendant's right to remove the case."). Defendants, however, have answered the wrong question. The real issue is, as stated, what happens when the earlier-served defendant *fails to consent* within the 30-day window. *See id.* at 761-62 ("As long as the defendant who waived the right to remove *consents to removal* when the later-served defendant seeks it, the prior waiver has no effect." (emphasis added)).

2

receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). Moreover, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Therefore, under Section 1446's "unanimity requirement," all defendants must obtain consent to removal before a case can be removed to federal court. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.").

In the present case, it is uncontested both that Hartland did not consent to removal within 30 days of service and that Hartland has now consented to removal. The Sixth Circuit has previously allowed parties to correct procedural errors in removal petitions. In *Harper v. AutoAlliance International, Inc.*, 392 F.3d 195 (6th Cir. 2004), the notice of removal stated that the defendants had "obtained concurrence" from a co-defendant to remove, but the co-defendant had not signed the notice of removal. *Id*. at 201. The Sixth Circuit held that the pleaded concurrence of all defendants was sufficient to satisfy the rule of unanimity and, relevant here, that "the fact that [the co-defendant] subsequently opposed [the] motion to remand *cured any purported defect* in the removal petition." *Id*. at 202 (emphasis added). Admittedly, *Harper* dealt with a situation in which there was at least some indication in the notice of removal of the co-defendant's consent, which is not the case under the present facts. Even so, other courts addressing the present issue have concluded that remand was not warranted. In *Stone v. Bank of New York Mellon*, 609 F. App'x 979 (11th Cir. 2015) (per curium) (unpublished), one defendant did not join the notice of removal or otherwise consent to removal within the 30-day statutory window, but the defendant did later oppose the plaintiff's motion to remand. *Id*. at 981. The Eleventh Circuit concluded that even though the defendant "did not join the notice of removal, it did oppose remand, and therefore

3

the district court did not err by refusing to remand for a technical defect related to the unanimity rule." *Id.*; *see also Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009) (holding that a co-defendant's failure to timely consent to removal "was subsequently cured when [the co-defendant] opposed [the plaintiff's] remand motion, thereby clearly communicating its desire to be in federal court." (citation omitted)); *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-CV-20048, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) (same); *Goss v. Aetna, Inc.*, 360 F. Supp. 3d 1364, 1370 (N.D. Ga. 2019) (holding that a notice of consent to removal that occurred after the 30-day statutory window had passed "cured any procedural defect related to the unanimity requirement."); *Vestagen Protective Techs., Inc. v. Beyer*, No. 6:17-CV-494, 2017 WL 7355311, at *2 (M.D. Fla. July 5, 2017) (same).

In this case, Hartland did not explicitly consent to removal, but Hartland's opposition to remand (jointly with People's Bank) clearly communicates Hartland's consent and "desire to be in federal court." Moreover, even though Hartland failed to comply with the 30-day statutory window for unanimous consent, this is merely a "technical defect related to the unanimity rule" that does not warrant remand.

This Court is mindful that "the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Nevertheless, the pertinent case law demonstrates a trend towards excusing technicalities of removal when the pertinent defendants have clearly indicated their consent to federal jurisdiction. Moreover, this decision minimally encroaches on the jurisdiction of the state court because this action could have properly been brought in federal court to begin with and all Defendants now express a desire to so remain.

4

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 7) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 22, 2019

cc: counsel of record