UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00076-GNS

JR. FOOD STORES, INC.                                                                                    PLAINTIFF

v.

HARTLAND CONSTRUCTION GROUP, LLC; and
PEOPLES BANK                                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Mediation and Arbitration and Motion to Stay Proceedings in the Interim (DN 15). This motion is ripe for adjudication. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

#### A. Statement of Facts

In early 2018, Plaintiff Jr. Food Stores, Inc. ("JFS") entered into a contract with Defendant Hartland Construction Group, LLC ("Hartland") for Hartland to build an IGA Crossroads Market in Lexington, Kentucky. (Mot. Compel Mediation & Arbitration & Stay Proceedings 1, DN 15 [hereinafter Mot. Arbitration]). This contract incorporated by reference American Institute of Architects ("AIA") Standard Form A101-2017, an Additions and Deletions Report, and AIA Form A201-2017 (collectively, the "Contract"). (Mot. Arbitration 1; Contract Ex. A, DN 1-2). To secure performance of the Contract, Hartland obtained an irrevocable letter of credit from Defendant Peoples Bank ("Peoples"), which named JFS as the beneficiary. (Mot. Arbitration 1; Irrevocable Letter Credit Ex. B, DN 1-2).

JFS alleges that Hartland defaulted under, and is in breach of, the Contract. (Compl. ¶ 7, DN 1-1). JFS further alleges that Hartland has failed to cure its default and Peoples has denied any draw on the irrevocable letter of credit. (Compl. ¶ 11). Articles § 6.2 of AIA Standard Form A101 and § 15.4 of AIA Form A201, both governing dispute resolution, identify first mediation and then arbitration as the methods of dispute resolution. (Contract §§ 6.2, 15.4). JFS has made the requisite demands to both Hartland and Peoples for mediation and arbitration. (Demand Letters Ex. 1, DN 15-1).

### B. Procedural History

JFS filed its initial complaint against Hartland and Peoples (collectively, the "Defendants") in Warren Circuit Court on May 16, 2019 in a case styled *Jr. Food Stores, Inc. v. Hartland Construction Group, LLC, et al.*, Warren Circuit Court, No. 19-CI-00681. (Compl.). On June 19, 2019, Peoples removed the matter to this Court pursuant to 28 U.S.C. § 1446 asserting diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (Notice Removal 2-3, DN 1). On November 13, 2019, JFS filed the present motion to compel mediation and arbitration and to stay proceedings in the interim. (Mot. Arbitration). Defendants have not responded or otherwise opposed this motion.

## II. DISCUSSION

The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, provides that a written arbitration provision governing disputes under a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA grants district courts the power to compel arbitration as provided for in an underlying agreement, so long as the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue . . ." 9 U.S.C. § 4. "Thus, when asked by a party to

compel arbitration under a contract, a federal court must determine whether the parties have agreed to arbitrate the dispute at issue." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (internal quotations omitted) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). The party opposing arbitration has the burden to "show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Id*. (citation omitted). As such, a motion to compel arbitration is considered under the motion for summary judgment standard. W*eddle Enters., Inc. v. Treviicos-Soletanche, J.V*., No. 1:14CV-00061-JHM, 2014 WL 5242904, at *2 (W.D. Ky. Oct. 15, 2014).

It is undisputed that JFS and Hartland entered into the Contract, which includes an arbitration provision. (Mot. Arbitration 1; Contract §§ 6.2, 15.4). Specifically, the Contract provides: "any Claim subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association . . ." (Contract § 15.4.1). Hartland has not opposed JFS's motion to compel arbitration nor has it shown a genuine issue of material fact as to the validity of the Contract generally or the arbitration provision specifically. As such, Hartland is compelled to mediate and arbitrate this dispute as outlined in the Contract.

JFS also argues that Peoples should be compelled to arbitrate this dispute as well, even though Peoples was not a direct party to the construction Contract.. (Mot. Arbitration 2-3). Peoples has not responded to this motion. "[N]onsignatories may be bound to an arbitration agreement under ordinary contract and agency principles." *Javitch v. First Union Sec., Inc*., 315 F.3d 619, 629 (6th Cir. 2003) (citing *Arnold v. Arnold Corp*., 920 F.2d 1269, 1281 (6th Cir. 1990)). "Five theories for binding nonsignatories to arbitration agreements have been recognized: (1)

incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel." *Id*. (citing *Thomson–CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir.1995)).

On this point, JFS cites in support *Choctaw Generation Ltd. P'ship v. Am. Home Assur. Co.*, 271 F.3d 403 (2d Cir. 2001), which dealt with nearly identical circumstances. In *Choctaw*, as in the present case, the district court was asked to compel arbitration between the plaintiff and its contractor's surety, even though the relevant arbitration provision was only between the plaintiff and the contractor. *Id*. at 403. The Court concluded that the dispute between the plaintiff and the surety "could hardly be more closely bound to the dispute now in arbitration between" the plaintiff and the contractor, such that the plaintiff was compelled to arbitrate its dispute with the surety as well. *Id*. at 406.

As in *Choctaw*, the disputes between JFS and Hartland and between JFS and Peoples are intertwined with the underlying Contract. The irrevocable letter of credit itself also makes extensive reference to the Contract. (Irrevocable Letter Credit Ex. B at 1-3). The arbitrator's rulings on JFS's claims of breach and damages against Hartland will be largely determinative, if not conclusive, of the right of JFS to draw on the letter of credit issued by Peoples. Other courts have reached the same conclusion when determining whether a non-signatory issuer of a performance bond can be compelled to arbitrate under the construction contract. *See Exch. Mut. Ins. Co. v. Haskell Co.*, 742 F.2d 274, 276 (6th Cir. 1984) ("Although Exchange Mutual was not a signatory to the primary construction contract, the performance bond incorporated by reference the terms of the underlying subcontract. The subcontract, in turn, incorporated by reference the terms of the primary construction contract which imposed an obligation to submit all unresolved disputes to arbitration."); *FCCI Ins. Co. v. Nicholas Cty. Library*, No. 5:18-CV-038-JMH, 2019 WL 1234319, at *8 (E.D. Ky. Mar. 15, 2019) ("In sum, while FCCI was not a party to the

construction contract between Crace Construction and the Nicholas County Library in the sense that FCCI was not an initial signatory to the construction contract, FCCI did incorporate all the terms of the construction contract into the performance bond, including the binding arbitration provisions.").

JFS has also requested for a stay of these proceedings during the arbitration and mediation process. Under 9 U.S.C. § 3, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Because the Court has determined that arbitration is appropriate and no party has objected to the requested stay, the present proceedings will be stayed pending resolution in mediation or arbitration.

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Mediation and Arbitration and Motion to Stay Proceedings in the Interim (DN 15) is **GRANTED**. The Court will **STAY** this proceeding until the conclusion of the ordered mediation and arbitration pursuant to 9 U.S.C. § 3.

Greg N. Stivers, Chief Judge
United States District Court

December 18, 2019

cc:   counsel of record