UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00076-GNS

JR. FOOD STORES, INC.                                                                                    PLAINTIFF

v.

HARTLAND CONSTRUCTION GROUP, LLC; and
PEOPLES BANK                                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Mediation and Arbitration and Motion to Stay Proceedings in the Interim (DN 15). This motion is ripe for adjudication. For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

#### A.    Statement of Facts

In early 2018, Plaintiff Jr. Food Stores, Inc. ("JFS") entered into a contract with Defendant Hartland Construction Group, LLC ("Hartland") for Hartland to build an IGA Crossroads Market in Lexington, Kentucky. (Pl.'s Mot. Compel Mediation & Arbitration & Stay Proceedings 1, DN 15 [hereinafter Pl.'s Mot. Arbitration]). This contract incorporated by reference American Institute of Architects ("AIA") Standard Form A101-2017, an Additions and Deletions Report, and AIA Form A201-2017 (collectively, the "Contract"). (Pl.'s Mot. Arbitration 1; Notice Removal Ex. A, at 1-56, DN 1-2). To secure performance of the Contract, Hartland obtained an irrevocable letter of credit ("ILOC")[1] from Defendant Peoples Bank ("Peoples"), which named Peoples as the

---

[1] As the Kentucky Court of Appeals has explained, "a letter of credit provides that an issuer, upon presentation of documents specified in the credit, will pay the beneficiary a designated sum of money or deliver to the beneficiary a particular item of value." *Louisville Mall Assocs., LP v. Wood Ctr. Props., LLC*, 361 S.W.3d 323, 330 (Ky. App. 2012).

lender, Hartland as the borrower, and JFS as the beneficiary. (Pl.'s Mot. Arbitration 1; Notice Removal Ex. A, at 57-59, DN 1-2).

JFS alleges that Hartland defaulted under and is in breach of the Contract. (Compl. ¶ 7, DN 1-1). JFS further alleges that Hartland has failed to cure its default, and Peoples has denied any draw on the ILOC. (Compl. ¶ 11, DN 1-1). Article 6, Section 6.2 of AIA Standard Form A101 and Article 15, Section 15.4 of AIA Form A201 both govern the resolution of disputes between JFS and Hartland under the Contract and identify first mediation and then arbitration as the method of dispute resolution. (Notice Removal Ex. A, at 6, 52-53, DN 1-2). JFS has made the requisite demands to both Hartland and Peoples for mediation and arbitration. (Pl.'s Mot. Arbitration Ex. 1, DN 15-1).

### B. Procedural History

JFS filed its initial complaint against Hartland and Peoples (collectively, the "Defendants") in Warren Circuit Court on May 16, 2019, in a case styled *Jr. Food Stores, Inc. v. Hartland Construction Group, LLC*, Warren Circuit Court, No. 19-CI-00681. On June 19, 2019, Peoples removed the matter to this Court pursuant to 28 U.S.C. § 1446 asserting diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (Notice Removal 2-3, DN 1). On November 13, 2019, JFS moved to compel mediation and arbitration and to stay proceedings in the interim. Peoples responded, and JFS replied. (Def.'s Resp. Pl.'s Mot. Arbitration, DN 29; Pl.'s Reply Mot. Arbitration, DN 30). Hartland did not respond to JFS's motion.

## II. DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides that a written arbitration provision governing disputes under a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA grants district courts the power to compel arbitration as provided for in an underlying agreement, so long as the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue . . . ." 9 U.S.C. § 4. "Thus, [w]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties have agreed to arbitrate the dispute at issue." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (alteration in original) (internal quotation marks omitted) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). The party opposing arbitration has the burden to "show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Id*. (citation omitted). As such, a motion to compel arbitration is considered under the motion for summary judgment standard. *Weddle Enters., Inc. v. Treviicos-Soletanche, J.V.*, No. 1:14-CV-00061-JHM, 2014 WL 5242904, at *2 (W.D. Ky. Oct. 15, 2014).

   A.   **Hartland**

As noted, JFS and Hartland entered into the Contract, which includes an arbitration provision. (Pl.'s Mot. Arbitration 1; Notice Removal Ex. A, at 6, 52-53, DN 1-2). Specifically, the Contract selects arbitration as the method of binding dispute resolution and further provides that "any Claim subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association . . . ." (Notice Removal Ex. A, at 52, DN 1-2). The term "Claim" is, in turn, defined as "a demand or assertion by one of the parties seeking, as a matter of right, payment of money, or other relief with respect to the terms of the Contract." (Notice Removal Ex. A, at 50, DN 1-2). Hartland has not opposed JFS's motion to compel arbitration nor has it shown a genuine issue of material fact as to the validity of the Contract generally or the arbitration provision specifically.

3

As such, Hartland is compelled to mediate and arbitrate this dispute pursuant to the terms of the Contract.

**B.** **<u>Peoples</u>**

JFS contends that Peoples should be compelled to arbitrate this dispute as well, even though Peoples was not a direct party to the underlying Contract. (Pl.'s Mot. Arbitration 2-3). Peoples agrees that Hartland should be compelled to arbitrate this dispute, but Peoples objects to being required itself to arbitrate. (Def.'s Resp. Pl.'s Mot. Arbitration 1).

"[N]onsignatories may be bound to an arbitration agreement under ordinary contract and agency principles." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003) (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281 (6th Cir. 1990)). Additionally, "a nonsignatory may be bound to an arbitration agreement under an estoppel theory when the nonsignatory seeks a direct benefit from the contract while disavowing the arbitration provision." *Id*. (citing *Thomson-CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)). "Five theories for binding nonsignatories to arbitration agreements have been recognized: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel." *Id*. (citation omitted). Most relevant here, the Sixth Circuit has clarified that "[i]ncorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship." *Int'l Ass'n of Machinists & Aerospace Workers v. ISP Chems., Inc.*, 261 F. App'x 841, 848 (6th Cir. 2008) (citation omitted).

JFS argues strongly that the ILOC incorporated by reference the underlying Contract. (Pl.'s Mot. Arbitration 2-3). After all, the ILOC issued by Peoples makes extensive reference to the Contract, denoted in the ILOC as the "Construction Contract," and specifically states that it is

4

issued "in connection with that Agreement . . . ." (Notice Removal Ex. A, at 57, DN 1-2). The ILOC also states, however, that "[a]ny action arising out of or relating to this Letter of Credit shall be commenced and prosecuted in a court of appropriate jurisdiction in the Commonwealth of Kentucky, and [Peoples] hereby consents to the jurisdiction of such courts." (Notice Removal Ex. A, at 59, DN 1-2). This portion of the ILOC clearly identifies judicial resolution, not arbitration, as the mode of dispute resolution. Insofar as Peoples might have *implicitly* incorporated by reference any part of the Contract, it has *explicitly* provided that disputes under the ILOC would be litigated, not arbitrated. Since Peoples unambiguously negated the Contract's arbitration provision, it cannot be compelled to arbitrate. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (citations omitted)).

Without this specific dispute resolution language in the ILOC, the result very well may have been different. In *Exchange Mutual Insurance Co. v. Haskell Co.*, 742 F.2d 274 (6th Cir. 1984), the Sixth Circuit addressed a similar situation and compelled arbitration: "Although Exchange Mutual was not a signatory to the primary construction contract, the performance bond incorporated by reference the terms of the underlying subcontract. The subcontract, in turn, incorporated by reference the terms of the primary construction contract which imposed an obligation to submit all unresolved disputes to arbitration." *Id*. at 276. This case is distinguishable, however, for two reasons. First, the performance bond in *Haskell* explicitly incorporated the underling contract: "which subcontract is hereby referred to and made a part hereof." *Id*. The ILOC here certainly refers to the underlying Contract, but it does not go so far as to explicitly incorporate it by reference. (Notice Removal Ex. A, at 57-59, DN 1-2). Second, and more

5

importantly, the performance bond in *Haskell* did not include the dispute resolution language present here in the ILOC, which preserves litigation as the mode of dispute resolution.

A sister court followed *Haskell* in *FCCI Insurance Co. v. Nicholas County Library*, No. 5:18-CV-038-JMH, 2019 WL 1234319 (E.D. Ky. Mar. 15, 2019): "In sum, while FCCI was not a party to the construction contract . . . in the sense that FCCI was not an initial signatory to the construction contract, FCCI did incorporate all the terms of the construction contract into the performance bond, including the binding arbitration provisions." *Id*. at *8. Again though, the performance bond in that case explicitly incorporated the underlying contract—"a copy of which is hereto attached and made part hereof"—and it did not have the same limiting language as Peoples' ILOC here. *Id*. at *2. In fact, the court in *FCCI Insurance Co*. explicitly noted that "it is clear from the plain text of the performance bond that all provisions of the construction contract are incorporated into the performance bond by reference *without any exclusions*." *Id*. at *7 (emphasis added). The ILOC, by contrast, has specifically identified an exclusion; by selecting litigation as its chosen form of dispute resolution, Peoples has explicitly disavowed JFS's and Hartland's selection of arbitration as it pertains to the ILOC. If JFS wanted to bind Peoples to arbitrate or took issue with the addition of the ILOC's current dispute resolution language, JFS could have, of course, bargained for that outcome. *See Id*. at *8 ("Simply put, if FCCI did not want the arbitration provisions in the construction contract to be incorporated into the performance bond, they simply needed to bargain for a different method of dispute resolution and/or clearly manifest an intent to exclude the arbitration provisions on the face of the bond.)"

JFS's reliance on *Choctaw Generation Limited Partnership v. American Home Assurance Co*., 271 F.3d 403 (2d Cir. 2001), is unavailing. (Pl.'s Mot. Arbitration 3). In *Choctaw*, it was actually the *signatory* of an underlying construction contract that was compelled to arbitrate with

6

the non-signatory surety. *Id*. at 406.  The present case presents the opposite conundrum—JFS, a signatory, is seeking to compel arbitration against Peoples, a non-signatory.  As such, *Choctaw* is of limited precedential value.

In sum, JFS has not demonstrated that Peoples ever agreed to arbitrate any disputes arising under the ILOC.  To the contrary, that document clearly specifies that all such disputes are subject to judicial resolution.  Because Peoples has not consented to arbitration, Peoples will not be compelled to arbitrate the present claims.

C. **Motion to Stay**

JFS has also requested for a stay of these proceedings during the arbitration and mediation process.  Under 9 U.S.C. § 3, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  This Section mandates a stay of arbitrable claims, but whether or not to stay non-arbitrable claims is left with the discretion of the district court.  *Smith v. Altisource Sols. S.À R.L.*, No. 16-CV-11503, 2017 WL 1381106, at *7 (E.D. Mich. Apr. 18, 2017), *aff'd*, 726 F. App'x 384 (6th Cir. 2018) (gathering case law) (citations omitted).  As such, the district court "must determine whether to stay the remainder of the proceedings pending arbitration."  *Stout*, 228 F.3d at 714.

Based on the nature of this case and the interrelatedness of JFS's claims against Hartland and Peoples, this Court believes granting a full stay is appropriate.  Staying this case pending mediation and arbitration will allow the arbitrator to clarify the relevant legal issues and move this case towards resolution.  *See Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007) ("In many instances, moreover, district courts actually may prefer to stay the balance of the case in the hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court.").  Because the Court has determined that arbitration

between JFS and Hartland is appropriate and in the interest of judicial economy, the present proceeding will be stayed in its entirety pending resolution in mediation and, if necessary, arbitration.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Mediation and Arbitration and Motion to Stay Proceedings in the Interim (DN 15) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Hartland Construction Group, LLC is compelled to arbitrate this dispute with Plaintiff Jr. Food Stores, Inc. Defendant Peoples Bank is not compelled to arbitrate. The Court will **STAY** this proceeding until the conclusion of the ordered mediation and arbitration pursuant to 9 U.S.C. § 3.

Greg N. Stivers, Chief Judge
United States District Court

March 23, 2020

cc: counsel of record