UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00076-GNS-HBB

JR. FOOD STORES, INC.                                                                                    PLAINTIFF

v.

HARTLAND CONSTRUCTION GROUP, LLC, et al.                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (DN 38) and Defendant's Motion for Summary Judgment (DN 42). The motions have been fully briefed and are ripe for decision. For the reasons stated below, Plaintiff's motion is **GRANTED**, and Defendant's motion is **DENIED AS MOOT**.

**I.      BACKGROUND**

This action is brought by Plaintiff Jr. Food Stores, Inc. ("JFS") against Defendants Hartland Construction Group, LLC ("Hartland") and Peoples Bank for breach of contract. (Compl. ¶¶ 5-12, DN 1-1). JFS entered into a contract with Hartland for Hartland to serve as the general contractor for the construction of JFS's convenience store. (Compl. ¶ 6; Compl. Ex. A, DN 1-2). JFS alleges that Hartland breached the contract by failing to pay its subcontractors after receiving payment from JFS, to complete work properly, and to complete the work on schedule. (Compl. ¶ 7). Peoples Bank issued an irrevocable letter of credit to Hartland for this project naming JFS as the beneficiary, and Peoples Bank allegedly failed to honor the letter of credit to compensate JFS for Hartland's alleged breaches. (Compl. ¶¶ 10-11; Compl. Ex. B, DN 1-2). The case was initially filed in Warren (Kentucky) Circuit Court and removed to this Court on June 19, 2019. (Notice Removal, DN 1).

JFS has moved for summary judgment, *inter alia*, on its breach of contract claim against Hartland, and Peoples Bank has moved for summary judgment on JFS's claims against it. (Pl.'s Mot. Summ. J., DN 38; Def.'s Mot. Summ. J. 42). While those motions were pending, JFS and Peoples Bank settled the claims between them. (Joint Status Report 1, DN 50). Hartland was not a party to the settlement and did not respond to JFS's motion. The motions are ripe for adjudication.

## II.     JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## III.     STANDARD OF REVIEW

In determining whether a party is entitled to summary judgment, the Court must decide whether there is any genuine issue of material fact left for the trier of fact. *See* Fed. R. Civ. P. 56(a). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party meets its burden, then the burden is on the non-moving to provide specific evidence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In making this determination, the Court must review the cited evidence, but it may also consider other material in the record such as depositions or documents. Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the non-moving party. *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 837 (6th Cir. 2013). But the non-moving party must do more than provide a "scintilla of evidence" in support of its position; the non-moving party must put on sufficient evidence where a jury could reasonably decide the issue in their favor. *Anderson*, 477 U.S. at 252.

It is not required that the non-moving party put on evidence that would be admissible at the trial stage. *See Celotex Corp.*, 477 U.S. at 323 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). The non-moving party can offer evidence such as affidavits, declarations, documents, or electronically stored information. *See id.* ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) . . . .").

### IV.   DISCUSSION

#### A.   Plaintiff's Motion for Summary Judgment

JFS seeks summary judgment on its breach of contract claim against Hartland; Hartland has failed to respond to the motion. While the motion is unopposed, "the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citation omitted); *see also Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The court need not, however, engage in an independent probing of the facts and may rely on the movant's unrebutted exposition of the evidence to infer that there is no genuine issue of material fact. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992); *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421, 2000 WL 1800475, at *3 (6th Cir. 2000) (per curiam).

##### 1.   *Breach of Contract*

Under Kentucky law, to make out a claim for breach of contract a plaintiff must "1) establish the existence of a contract, 2) prove a breach of that contract, and 3) show damages flowing from the breach." *House v. Players' Dugout, Inc.*, 440 F. Supp. 3d 673, 682 (W.D. Ky. 2020) (citing *Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. App. 2009)).

The Court must first determine whether there was a valid contract between the parties. This Court has explained the requirements of a valid contract under Kentucky law are as follows:

> "An enforceable contract must contain definite and certain terms setting forth promises of performance to be rendered by each party." While every possible term need not be defined, the agreement must set forth the "essential terms" of the deal. "Mutuality of obligations is an essential element of a contract, and if one party is not bound, neither is bound."

*C.A.F. & Assocs., LLC v. Portage, LLC*, 913 F. Supp. 2d 333, 343 (W.D. Ky. 2012) (internal citations omitted) (citation omitted). JFS and Hartland's written contract is in the record and is based on American Institute of Architects Document A101. (Compl. Ex. A). The contract clearly defines the terms of their contractual relationship, including the obligations of each party. Thus, this first element is met.

There is also no genuine dispute of material fact that the second element of the claim is satisfied as to whether Hartland breached the contract. *See* Fed. R. Civ. P. 56(a). The record contains a copy of an email exchange in which JFS notified Hartland that subcontractors were not being paid and that JFS was exercising its right to supplement work because of Hartland's failure to perform its obligations under the contract. (Pl.'s Mot. Summ. J. Ex. A, at 1-2, DN 38-2). In one of the emails, Hartland's representative acknowledged that bills had not been paid and noted that small companies have to "move money around sometimes to make things work." (Pl.'s Mot. Summ. J. Ex. A, at 1). While the work was originally scheduled for completion by October 1, 2018, the deadline was extended to January 31, 2019, due to weather. (Compl. Ex. A, at 3; Pl.'s Mot. Summ. J. Ex. B, at 1, DN 38-3). As that deadline approached, however, Hartland had failed to make substantial progress to complete the project, which resulted in the issuance of another letter to cure on February 1, 2019. (Pl.'s Mot. Summ. J. Ex. B, at 1-3). Accordingly, JFS has shown that Hartland breached the terms of the contract.

The final element is damages. As this Court has noted, "[g]eneral damages arise naturally from the breach itself or it can be supposed that the parties had these damages in mind as a probable result of breach." *Tex. Capital Bank, N.A. v. First Am. Title Ins. Co.*, 822 F. Supp. 2d 678, 685 (W.D. Ky. 2011) (citing *U.S. Bond & Mortg. Corp. v. Berry*, 61 S.W.2d 293, 297 (Ky. 1933)). Besides acknowledging its breach of the contract, Hartland had conceded amount in damages owed to JFS because of the breach. In an email dated April 3, 2019, a representative of Hartland stated: "This leaves a balance of $419,722.61. We are in agreement to that balance." (Pl.'s Mot. Summ. J. Ex. C, at 1, DN 38-4). Hartland has offered no evidence to refute this assertion. Therefore, the Court grants summary judgment on JFS's claim for breach of contract against Hartland.

Nevertheless, based on the record, the Court cannot ascertain whether Hartland still owes the full amount of $419,722.61 to JFS in light of the settlement between JFS and Peoples Bank. *Compare Batson v. Clark*, 980 S.W.2d 566, 577 (Ky. App. 1998) ("In the case of a breach of contract, the goal of compensation is not the mere restoration to a former position, as in tort, but the awarding of a sum which is the equivalent of performance of the bargain—the attempt to place the plaintiff in the position he would be in if the contract had been fulfilled." (citation omitted)), *with Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 918 (Ky. 1998) ("There is a strong public policy in this Commonwealth against double recovery for the same elements of loss." (citation omitted)). Accordingly, the Court will grant summary judgment on liability against Hartland and direct JFS to supplement the record with admissible proof as to the outstanding amount owed by Hartland.

### 2. *Prejudgment and Postjudgment Interest*

In diversity cases in the Sixth Circuit, "federal law controls postjudgment interest but state law governs awards of prejudgment interest." *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528,

542 (6th Cir. 2000) (citing *Cissold v. St. Louis-San Francisco Ry. Co.*, 600 F.2d 35, 39 n.3 (6th Cir. 1979)).  Under Kentucky law, prejudgment interest is awarded at a rate of 6% compounded annually.  *See* KRS 360.040(1).  As the Kentucky Supreme Court has explained, prejudgment interest on unliquidated damages "may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due."  *Nucor Corp v. Gen. Elec. Co.*, 812 S.W.2d 136, 144 (Ky. 1991) (quoting Restatement (Second) of Contracts § 354).

In this instance, Hartland acknowledged the amount due prior to the filing of the lawsuit.  Under these circumstances, justice requires that JFS be awarded prejudgment interest for the amount it is owed, and prejudgment interest will be assessed at 6 % per annum in accordance with Kentucky law.

Regarding postjudgment interest under federal law, 28 U.S.C. § 1961 "mandates the imposition of post-judgment interest, thus removing the award of such interest from the discretion of the District Court."  *Bricklayers' Pension Tr. Fund v. Taiariol*, 671 F.2d 988, 989 (6th Cir. 1982) (citing *Cissold*, 600 F.2d at 39 n.3; *Blair v. Durham*, 139 F.2d 260, 261 (6th Cir. 1943)).  As such, the Court awards JFS postjudgment interest pursuant to 28 U.S.C. § 1961.

    **B.**    **Defendant's Motion for Summary Judgment**

Peoples Bank has also moved for summary judgment against JFS.  (Def.'s Mot. Summ. J., DN 42).  In light of the settlement between JFS and Peoples Bank, however, this motion will be denied as moot.  (Joint Status Report 1).

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiff's Motion for Summary Judgment (DN 38) is **GRANTED**, and Plaintiff is entitled to summary judgment on liability for its breach of contract against Defendant Hartland

Construction Group, LLC.  Within **10 days** of the entry of this Memorandum Opinion and Order, Plaintiff shall supplement the record with admissible proof as to the amount of Plaintiff's damages owed by Defendant Hartland Construction Group, LLC, and any response to such proof will be due within **7 days**.

   2.  Defendant's Motion for Summary Judgment (DN 42) is **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge<br>
United States District Court<br>
March 18, 2021

cc: counsel of record